## (October 14, 1968)

■ MAMIE E. BASKERVILLE et al., Respondents, v. HOWARD P. SOLOMON, Appellant.— Order of the Supreme Court, Richmond County, dated May 14, 1968, which granted plaintiffs' motion for summary judgment and directed an assessment of damages, reversed, on the law, with $10 costs and disbursements, and motion denied. In our opinion, triable issues of fact are presented which may not be resolved without a plenary trial. Beldock, P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.

■ MAURICE S. GRIEFF, Respondent, v. CARMINE MAZZEI, Appellant.— In an action to recover damages for personal and property injuries, defendant appeals from an order of the Supreme Court, Queens County, dated February 26, 1968, which granted plaintiff's motion for summary judgment and directed an assessment of damages. Order reversed, on the law, with $10 costs and disbursements, and motion denied. No questions of fact were considered. Upon the facts set forth in the record, triable issues exists as to defendant's negligence and plaintiff's freedom from contributory negligence. Christ, Acting P. J., Brennan, Rabin, Munder and Martuscello, JJ., concur.

■ In the Matter of LAWRENCE GERBER, Respondent, v. FREDERIC S. BERMAN, as City Rent and Rehabilitation Administrator, Appellant.— In a proceeding pursuant to CPLR article 78 to annul an order of the New York City Rent and Rehabilitation Administrator, the Administrator appeals from a judgment of the Supreme Court, Kings County, dated August 3, 1966, which granted the petition and directed appellant to issue an order decontrolling certain housing accommodations. Judgment reversed, on the law, proceeding dismissed on the merits and appellant's order confirmed, with $10 costs and disbursements. No questions of fact were considered. In our opinion, petitioner is not possessed of any interest so vested as to render invalid any legislation which results in the loss of his exemption from rent control (*Matter of Betty Lowne Realty Corp.* v. *Gabel,* 25 A D 2d 718; *Matter of Ritorto* v. *City Rent & Rehabilitation Administration,* 25 A D 2d 496; *Teeval Co.* v. *Stern,* 301 N. Y. 346). Beldock, P. J., Christ, Brennan, Benjamin and Martuscello, JJ., concur.

■ JAMES KOBLEIN et al., Plaintiffs, and PATRICIA KOZAK, Appellant, v. CITY OF NEW YORK et al., Respondents.— In an action to recover damages for personal injuries, plaintiff Patricia Kozak appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County, entered November 16, 1967, as, upon reconsideration, adhered to the original decision denying a general preference in trial. Order reversed insofar as appealed from, on the law and the facts, with one bill of $10 costs and disbursements against respondents City of New York and Slattery Contracting Co., Inc., jointly; application for a preference in trial granted; and case remitted to the Special Term for entry of an appropriate implementing order. In view of the nature and extent of the claimed disability of appellant and the claimed medical expenses, both past and prospective, it is our opinion that the jurisdictional monetary limitation of the Civil Court of the City of New York may preclude adequate recovery by appellant and that a preference in trial should be granted. The conflict of medical opinion as to the causal relationship between the accident and the disability claimed to have resulted therefrom cannot be resolved in advance of trial. (see *Kahane* v. *Meehan,* 24 A D 2d 768). Christ, Rabin and Hopkins, JJ., concur; Beldock, P. J., and Benjamin, J., dissent and vote to affirm the order insofar as appealed from.